CC-2000-20                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lilliam E. Pérez Robles y Myriam Vázquez Hernández<br>    Demandantes-Recurrentes<br><br>          v.<br><br>Departamento de la Familia<br>    Demandado-Recurrido | Certiorari<br><br>2002 TSPR 22<br><br>156 DPR ____ |

Número del Caso: CC-2000-20


Fecha: 19/febrero/2002


Tribunal de Circuito de Apelaciones:
                    Circuito Regional I


Panel integrado por su Presidente, Juez Arbona Lago y los Jueces Brau Ramírez y González Rivera


Abogada de la Parte Peticionaria:
                    Lcda. Ivonne González Morales


Abogada de la Parte Recurida:
                    Lcda. Deborah Drahus de Castro


Materia: Revisión Administrativa


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

**Lilliam E. Pérez Robles y**
**Myriam Vázquez Hernández**

  **Demandantes- Recurrentes**

       **v.**                **CC-2000-20**   **Certiorari**

**Departamento de la Familia**

  **Demandado- Recurrido**

Opinión del Tribunal emitida por el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 19 de febrero de 2002.

En el presente recurso nos corresponde dilucidar si un ex-empleado público, que se ha acogido a la jubilación y, por ende, recibe la correspondiente pensión, puede presentar ante la Junta de Apelaciones del Sistema de Administración de Personal su reclamación por traslado y despido ilegal o si el mero hecho de estar jubilado y no acreditar que está en posición de regresar la pensión devengada, impide que se considere su reclamación. Por entender que tales circunstancias no impiden que su reclamación sea atendida, revocamos.

Las señoras Lilliam E. Pérez Robles y Myriam Vázquez Hernández (en adelante, las empleadas) ocupaban puestos de carrera, clasificados como Director Ejecutivo I, en el Departamento de la Familia. Posteriormente, éstas fueron trasladadas a otras divisiones dentro del mencionado Departamento. Por entender que el referido traslado fue ilegal, producto de discrimen político, las empleadas impugnaron el mismo ante la Junta de Apelaciones del Sistema de Administración de Personal (en adelante, J.A.S.A.P.). Mientras el trámite administrativo seguía su curso, las referidas empleadas continuaron en sus puestos. Sin embargo, posteriormente comparecieron ante J.A.S.A.P. alegando que las condiciones a las que habían sido sometidas desde que habían sido trasladadas eran tales que se habían visto obligadas a renunciar. Así, plantearon ante el referido foro que tales hechos configuraban un caso de despido constructivo ilegal motivado por sus afiliaciones políticas. Por ende, también impugnaron ante J.A.S.A.P. el despido ilegal del que alegadamente fueron parte, reclamando que se les restituyera en sus puestos y que se ordenara el pago de los salarios dejados de percibir. Además, aclararon que aunque se habían acogido al retiro, (y por ende, recibían la pensión correspondiente), tal proceder fue motivado por las condiciones a las que fueron sometidas y que estaban dispuestas a regresar a sus puestos una vez J.A.S.A.P. lo ordenara.

Luego de examinar su reclamación, el Oficial Examinador concluyó que no existió ninguna actuación arbitraria ni discriminatoria por parte del Departamento de la Familia. Sin embargo, dicho funcionario razonó que al renunciar las empleadas, su reclamación se convirtió en académica. Así, recomendó que se desestimara la acción por dicha razón. Por su parte, J.A.S.A.P. procedió a acoger el informe y las reclamaciones del oficial examinador, excepto que en lugar de desestimar la reclamación por académica, la declaró sin lugar por haber sido adjudicada en sus méritos.

Inconformes, las empleadas acudieron al Tribunal de Circuito de Apelaciones mediante recurso de revisión. No obstante, dicho foro denegó la expedición del auto y no atendió la reclamación en sus méritos. Esto pues, a juicio del tribunal apelativo, una vez las empleadas renunciaron, (para acogerse a la jubilación por años de servicio), su reclamación resultó académica pues J.A.S.A.P. estaba impedida de conceder la reinstalación solicitada ya que no existía evidencia de que las empleadas estuvieran en posición de reinstalarse a la agencia y devolver el monto de las pensiones recibidas. En vista de esto, el referido foro no pasó juicio sobre su reclamación en cuanto a la supuesta ilegalidad del traslado y despido. De este dictamen recurre Lilliam E. Pérez Robles[1] ante nos alegando, *inter alia*, que erró el tribunal de circuito al negarse a revisar la decisión de J.A.S.A.P.[2] Igualmente, nos solicita que determinemos si procede practicar algún reembolso de las aportaciones recibidas de retiro y cuál sería el trámite para efectuar el mismo.

Luego de expedir el auto solicitado y examinar las comparecencias de las partes, resolvemos.

II

**En síntesis, la controversia que nos ocupa se circunscribe a determinar si J.A.S.A.P. tiene jurisdicción para restituir a una persona víctima de traslado y despido ilegal cuando la misma se encuentra acogida a la jubilación y no ha acreditado que estuviese en posición de devolver la pensión recibida. Para esto, debemos dilucidar dos (2) asuntos separados. Primero, la facultad de J.A.S.A.P. para dilucidar una**

---

[1] En el recurso ante nos la Lcda. Ivonne González Morales, representante legal de las empleadas en el proceso que nos ocupa, nos manifiesta que la señora Myriam Vázquez Hernández no se ha unido al presente recurso pues ha llegado a un acuerdo con el Departamento de la Familia. En vista de ello, nos limitamos a atender los señalamientos de la señora Pérez Robles.

[2] La peticionaria también alega que el foro apelativo erró al confirmar la denegatoria de J.A.S.A.P. de invalidar el Reglamento Procesal de la Junta de Adjudicaciones del Departamento de la Familia. En vista que existía un pleito pendiente en el tribunal de instancia en donde la peticionaria impugnaba la validez de dicho reglamento, no erró J.A.S.A.P. al determinar

reclamación de un empleado que al momento en que insta la misma se encuentra retirado. De otra parte, debemos examinar si un empleado jubilado que solicita restitución debe devolver a la Administración de los Sistemas de Retiro de los Empleados del Gobierno y la Judicatura (en adelante, Sistema de Retiro) la pensión devengada y, además, acreditar que está en posición de realizar tal devolución al momento en que insta su reclamación. Veamos.

**A**

Recientemente expresamos que la jurisdicción apelativa de J.A.S.A.P. se extiende a aquellos casos de destitución o suspensión de empleo y sueldo de un empleado de carrera. <u>Hernández Badillo v. Municipio de Aguadilla</u>, res. el 5 de junio de 2001, 2001 T.S.P.R. 78; 3 L.P.R.A. sec. 1394(1). Anteriormente habíamos aclarado que aunque la Ley de Personal del Servicio Público[3] no se refiere expresamente a los casos en que una persona ya no es empleado público, J.A.S.A.P. tiene jurisdicción cuando el empleado alega que se le han negado derechos adquiridos y reclamados mientras pertenecía al sistema. <u>Medina Bernard v. Adm. de Corrección</u>, 126 D.P.R. 800, 802 (1990).

En vista de que la jurisdicción apelativa de J.A.S.A.P. no está limitada a quienes ostenten el status de empleados públicos al momento de apelar, sino que cobija aquellas reclamaciones de quienes aleguen que se le han negado derechos adquiridos y reclamados mientras pertenecían al sistema, cabe preguntarse si una persona está impedida de reintegrarse al servicio público por haberse acogido al retiro. De la propia Ley de Retiro del Personal del Gobierno de Puerto Rico, Ley Núm. 447 de 15 de mayo de 1951 (en adelante, Ley de Retiro)[4], se desprende que este no es el caso. En la misma expresamente se contempla tal hecho, regulándose la manera en que un empleado jubilado se reintegrara al sistema y

_____

que le correspondía a dicho foro judicial pasar juicio sobre la validez del reglamento.

[3] Ley Núm. 5 del 14 de octubre de 1975, 3 L.P.R.A. secs. 1301, et seq.

[4] 3 L.P.R.A. sec. 761 et seq.

disponiéndose los pormenores de su pensión. Específicamente, el artículo 6(C) de la Ley de Retiro, 3 L.P.R.A. sec. 766(C), dispone en lo pertinente:

Con excepción de los Alcaldes pensionados por edad y cubiertos por las disposiciones especiales de retiro contenidas en esta sección, el pensionado que se reintegre al servicio podrá optar por:

(1) Devolver todos los pagos recibidos del Sistema por concepto de pensión, en cuyo caso, a su separación definitiva del servicio, se le computará de nuevo la pensión a base de todos los servicios prestados con anterioridad y posterioridad a su reingreso en la forma que prescribe la presente sección para las anualidades por retiro, o

(2) No devolver los pagos de pensión ya recibidos, en cuyo caso, a su separación definitiva del servicio, se le reanudará el pago de la pensión suspendida y además se le pagará una anualidad suplementaria sobre la base de los servicios prestados y el sueldo anual promedio devengado a partir de su reingreso al servicio. La anualidad suplementaria se computará de acuerdo con la fórmula establecida en la presente sección para las anualidades de retiro; y en caso de que el período de servicios posteriores al reingreso fuere menor de cinco años, se utilizará el sueldo promedio que resulte de todo el referido período de servicios posteriores.

En vista de esto, forzoso es concluir que J.A.S.A.P. tiene facultad para considerar la reclamación de una persona jubilada y decretar su restitución si la misma procede. El acogerse a jubilación no es un impedimento para que se considere su reclamo y se decrete la correspondiente restitución. Una persona retirada no está impedida de regresar al servicio público. Aclarado esto, resta examinar si para que proceda la restitución el funcionario debe devolver la pensión devengada y acreditar, al instar su reclamación, que está en posición de hacer tal devolución.

B

En los casos de destitución, cuando la decisión emitida por J.A.S.A.P. sea favorable al empleado, dicha agencia deberá ordenar su restitución y el pago total, o parcial, de los salarios dejados de percibir por éste desde la fecha de efectividad de la destitución, más los beneficios marginales a que hubiese tenido derecho. Hernández Badillo, supra; 3 L.P.R.A. sec. 1397. El propósito de ordenar el pago de los sueldos es restituir al empleado afectado a la misma posición que ocuparía

de no haberse incurrido en la conducta ilegal. Por ello, hemos dicho que en aquellos casos en que un empleado público despedido ilegalmente haya recibido ingresos, por concepto de trabajos obtenidos y realizados durante el periodo que estuvo cesanteado, el patrono podrá deducir dichos ingresos de la cuantía a otorgarse por concepto de salarios dejados de percibir. Hernández Badillo, supra.

Ahora bien, en el caso ante nuestra consideración no se trata simplemente de dilucidar si procede el descuento de la pensión recibida por el empleado de la cuantía que se le otorgue por concepto de salarios dejados de percibir. Mas bien se trata de examinar dos (2) asuntos adicionales; estos son, si procede: (i) la devolución de la pensión devengada al Sistema de Retiro al decretarse la correspondiente restitución y; (ii) que tal funcionario acredite, al momento de instar su reclamación, que está en posición de restituir tal pensión. Hoy resolvemos que aunque procede tal devolución al Sistema de Retiro, la misma será una operación simultánea a ser realizada por la autoridad nominadora a tal sistema la cual se pagará de aquella suma que por concepto de sueldos dejados de recibir le corresponda al empleado. Veamos.

La Ley de Retiro creó un sistema de retiro y de beneficios para los empleados públicos. Calderón Morales v. Administración de los Sistemas de Retiro, 129 D.P.R. 1020 (1992). Prácticamente toda persona que sea empleado del Gobierno de Puerto Rico está obligado a pertenecer al Sistema de Retiro, quedando así sujeta a las disposiciones de la referida Ley. En su Art. 20, 3 L.P.R.A. sec. 780, la ley establece que se entenderá que todo empleado miembro del Sistema de Retiro consiente y conviene en que se le hagan los descuentos correspondientes de su salario gubernamental para fines de retiro, facultándose al Secretario de Hacienda de Puerto Rico a realizar los mismos. Calderón Morales, supra. En virtud de dicho consentimiento, el empleado obtiene un derecho garantizado sobre sus aportaciones y al jubilarse tendrá derecho a recibir una anualidad por cuanto el propósito de la referida legislación es proveerle un ingreso mínimo de subsistencia al empleado jubilado. Calderón Morales, supra.

Ahora bien, el artículo 1 de la Ley Núm. 187 del 2 de mayo de 1952, 3 L.P.R.A. sec. 792, impide que <u>simultáneamente</u> se disfrute del pago de la anualidad por pensión o retiro mientras se ocupe un cargo o puesto retribuido en el Gobierno de Puerto Rico o en cualquiera de sus agencias, instrumentalidades o subdivisiones políticas, o tan pronto se empiece a devengar retribución por servicios prestados al Gobierno. Específicamente, dicho artículo dispone:

> Por la presente se dispone que el pago de la anualidad por pensión o retiro que perciba cualquier persona del Gobierno de Puerto Rico o de cualquiera de sus agencias e instrumentalidades, o de cualquier fondo de retiro o pensión creado bajo las leyes de Puerto Rico, o que en el futuro se creare, será suspendido al ocupar dicha persona un cargo o puesto retribuido en el Gobierno de Puerto Rico o en cualquiera de sus agencias, instrumentalidades o subdivisiones políticas, o tan pronto empiece a devengar retribución por servicios que preste al Gobierno de Puerto Rico o a cualquiera de sus agencias, instrumentalidades o subdivisiones políticas.

Por ello, cuando una persona jubilada regresa a un puesto regular en el servicio público, de ordinario su pensión le es suspendida. Así, el artículo 6(C) de la Ley de Retiro, 3 L.P.R.A. sec. 766(C), dispone en lo pertinente:

> No obstante ser vitalicia la anualidad de retiro por edad, si el pensionado fuere empleado en el servicio de cualquier Rama del Gobierno Estatal incluyendo sus instrumentalidades, o del Gobierno Municipal, y su empleo no se ajustare a las condiciones que más adelante se señalan en el inciso (d) de esta sección, los pagos de la anualidad de retiro por edad serán suspendidos durante el tiempo que el referido pensionado fuera empleado, según se define en la presente; pero dichos pagos serán reanudados en la fecha de la terminación del empleo, y al mismo tipo de anualidad que antes de ser empleado el pensionado.

Claro está, usualmente cualquier regreso al servicio público de un jubilado es de carácter prospectivo y la suspensión de la pensión es igualmente <u>prospectiva</u>. Sin embargo, si su regreso al servicio fuese de carácter <u>retroactivo</u> (como ocurriría en casos como el de autos donde se trata de restituir al empleado a la <u>misma posición</u> que ocuparía de no haberse incurrido en conducta ilegal), igualmente <u>retroactiva</u> debe ser la suspensión de su pensión. Por ende, de decretarse la restitución por J.A.S.A.P., con el correspondiente pago de los salarios dejados de percibir, procedería que se devuelva al Sistema de Retiro la pensión devengada.

No podría ser de otra manera.  La propia ley prohíbe que simultáneamente se disfrute del pago de la anualidad por pensión o retiro mientras se ocupe un cargo o puesto retribuido en el Gobierno.  Al ordenar la restitución de un empleado y el pago de los salarios dejados de percibir se persigue colocar al funcionario en la misma posición que estaba antes de la conducta ilegal de la que fue parte.  Una vez se restituye retroactivamente al empleado, y se decreta el pago de sueldos dejados de percibir, éste estaría devengando una "retribución" por servicios prestados en el gobierno, por lo que sería improcedente que simultáneamente reciba el salario del puesto y la pensión producto de su retiro.  Así, lo procedente sería decretar la suspensión retroactiva de la pensión que devengó hasta que se le restituya al puesto.

Ahora bien, aunque proceda la devolución de la pensión recibida no es necesario que el empleado pensionado acredite, al momento en que inste su acción, que tiene la capacidad económica para devolver la pensión devengada. Colocar al referido funcionario en tal posición sería sumamente oneroso. Lo que procedería, al decretar su restitución y ordenar el pago de los salarios dejados de devengar, es que dicha devolución sea una operación simultánea a ser realizada por la autoridad nominadora de forma tal que la reivindicación de los derechos del empleado no represente una carga económica indebida.  Así, la autoridad nominadora descontará, del pago que corresponda al empleado, aquella cantidad que se deba restituir al Sistema de Retiro, procediendo a realizar tal pago directamente a dicha agencia. Es luego de este descuento que se realizará el correspondiente pago al empleado.

**A la luz de esta normativa, pasemos a discutir la situación que tenemos ante nos.**

III

Como hemos mencionado, el Tribunal de Circuito de Apelaciones entendió que como la señora Pérez Robles estaba acogida a la jubilación y no demostró estar en posición de devolver el monto de las pensiones recibidas, J.A.S.A.P.

estaba impedida de conceder la reinstalación solicitada. Incidió el referido foro al proceder de conformidad.

En primer lugar, la alegación de dicha empleada era que su "renuncia" y eventual "retiro" no eran tales sino que se trataba de un despido ilícito. Por ello, el negarse a atender los méritos de su reclamación por el mero hecho de que ésta devengaba una pensión no era el curso a seguir. El foro recurrido debió examinar la situación fáctica que motivó que la empleada se tuviera que jubilar. No se trataba de descartar su reclamación por el simple hecho de que ésta ostentaba el status de "jubilada"; por el contrario, lo procedente era examinar los méritos de su reclamación para determinar si los hechos que la motivaron configuraban un traslado y despido ilícito.

De otra parte, la señora Pérez Robles alegó estar dispuesta a regresar a su puesto una vez J.A.S.A.P. decretara su restitución. Como hemos visto, J.A.S.A.P. tenía jurisdicción para decretar la misma y no estaba impedida de hacerlo por el mero hecho de que la referida empleada se hubiera jubilado y recibiera la pensión correspondiente. Aunque una persona ya no sea empleado público, J.A.S.A.P. tiene jurisdicción cuando ésta alega que ha sido despedida constructivamente.

Tal es la situación ante nos, en donde se impugnó el traslado y despido ilegal del que alegadamente Pérez Robles fue parte. El mero hecho de recibir una pensión no impide que se atienda la reclamación de un empleado en sus méritos. Si el empleado ha manifestado que está dispuesto a reintegrarse al servicio público y precisamente cuestiona los hechos que motivaron su "retiro", no hay por qué vedar su reclamación. La condición de jubilado no impide que J.A.S.A.P. atienda el reclamo de una persona que alega haber sido víctima de traslado y despido ilegal y para que decrete, si procede, su reinstalación. De lo contrario, el Estado podría ejercer presiones indebidas sobre empleados públicos que estén próximos a retirarse pues sabría que, si se acogen a la jubilación, éstas nunca podrían ser reinstaladas. Igualmente, ya hemos visto que no procedía exigirle a la empleada que acreditara estar en posición de devolver la

**pensión devengada. Si bien es cierto que procedía la devolución, la misma será realizada por la autoridad nominadora directamente al Sistema de Retiro tras descontar dicha suma de los salarios que corresponda pagar al empleado.**

En síntesis, el Tribunal de Circuito de Apelaciones no consideró la reclamación de la señora Pérez Robles por el mero hecho de que ésta se encontraba devengando una pensión de retiro y porque no demostró estar en posición de devolver el monto de las pensiones devengadas. Incidió al proceder de esta manera. Por ende, procede revocar el dictamen del tribunal apelativo. Se devuelve el recurso para que dicho foro pase juicio sobre el recurso de revisión instado de suerte que ventile si la señora Pérez Robles fue víctima de un despido y traslado ilegal.

**Se dictará la Sentencia correspondiente.**

**Federico Hernández Denton**
Juez Asociado

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

Lilliam E. Pérez Robles y
Myriam Vázquez Hernández

  Demandantes- Recurrentes

       v.                  CC-2000-20      Certiorari

Departamento de la Familia,

  Demandado- Recurrido

SENTENCIA

San Juan, Puerto Rico, a 19 de febrero de 2002.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integral de la presente, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso a dicho foro para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo Interina. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita. El Juez Asociado señor Corrada del Río inhibido. El Juez Asociado señor Rivera Pérez no intervino.

Carmen E. Cruz Rivera
Secretaria del Tribunal Supremo Interina